John Walton ALEXANDER, Appellant,

v.

STATE of Texas, Appellee.

No. 11–84–263–CR.

Court of Appeals of Texas,
Eastland.

May 30, 1985.

Wayne S. Weaver, Scott D. Allen, P.C., Stephenville, for appellant.

John Terrill, Dist. Atty., Stephenville, for appellee.

## OPINION

DICKENSON, Justice.

The crucial question is whether the admission into evidence of a videotape recording of a four-year-old child who was the victim of the offense[1] violated appellant's constitutional right to confront his accuser.[2]

The jury convicted John Walton Alexander of aggravated sexual assault of a child[3] and assessed his punishment at confinement for 75 years and a fine of $10,000. We affirm the conviction.

The indictment charged that appellant, on or about June 11, 1984, did:

(I)ntentionally and knowingly cause the penetration of the vagina of A.W., a child younger than 14 years of age who was not the spouse of said defendant by inserting his finger into the vagina of the said A.W.

The only direct evidence of the appellant's guilt was the child's testimony in a videotape recording. Her testimony was corroborated by the doctor who examined her and who found physical evidence of sexual abuse. This court has reviewed the videotape recording of the child's testimony which was made by a social worker who testified at the trial.[4] The transcript of her testimony is quoted in pertinent part:

Q: (After having her identify the eye, mouth, nose, eyebrows, knee and leg by using an anatomically correct doll): What's these up here?

A: Titties.

Q: Titties. How many titties does this girl have?

A: Two.

Q: Okay. What's this down here?

A: Huh—Pussy?

Q: A pussy?

A: Yeah.

Q: Okay. Very good. Has anyone ever touched you on your mouth, does your mommy and daddy give you a kiss—

A: Yeah.

Q: At night when you go to bed?

A: Yeah.

---

1. The videotape recording of testimony of child victims is now authorized by TEX.CODE CRIM. PRO.ANN. art. 38.071 (Vernon Supp.1985).

2. The Constitution of the United States, Amendment VI provides that: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." Pointer v. State, 380 U.S. 400 (1955), makes it clear that this right to confrontation is also applicable to criminal prosecutions in State courts by virtue of the Fourteenth Amendment to the Constitution of the United States. See also TEX.CONST. art. I, sec. 10, which provides that: "In all criminal prosecutions the accused shall ... be confronted by the witnesses against him."

3. See TEX.PENAL CODE ANN. sec. 22.021(a)(5) (Vernon Supp.1985) which defines the offense and declares it to be a felony of the first degree.

4. His testimony indicates that all of the requirements of Article 38.071, Section 2, supra note 1, were satisfied.

Q: Hold her up. They do that because they love you, don't they?

A: Yeah.

Q: Yeah. That's nice, isn't it?

A: Yeah.

Q: Yeah. Hold the baby up, just like that. Okay. Has anybody ever touched you down here on your pussy?

A: No.

Q: No. Hold the baby up. Okay. No one has ever touched you on your pussy?

A: Huh-uh (negative).

Q: Not your mommy or daddy?

A: Huh-uh (negative).

Q: Nobody in your family has, huh?

A: Huh-uh (negative).

Q: Has anybody that's not in your family?

A: Yeah.

Q: Who?

A: John.

Q: John, who's John?

A: He lives with—huh—

Q: He's the what?

A: He's the boy baby sitter.

\* \* \* \* \* \*

Q: Okay. How did he touch you there, could you show me?

A: He—He pulled my panties down and touched me right there.

Q: Well, let's see, okay, he pulled your panties down. Let's let the doll sit up, okay?

A: Okay.

Q: And he did what, can you show me what he did?

A: He did—he did like this (indicating).

Q: On your what, what is that?

A: A pussy.

Q: He did like what?

A: He did like this (indicating).

Q: He put his finger in, he did?

A: Yeah.

Q: Yeah. How did that make you feel?

A: I don't know.

Q: Was it good or bad?

A: Bad.

\* \* \* \* \* \*

Q: (after changing from the girl doll to the anatomically correct boy doll): What is that?

A: A ding-a-ling.

Q: A ding-a-ling.

A: Yeah.

Q: Has anyone ever showed you their ding-a-ling before?

A: Uh-huh (affirmative).

Q: Who?

A: John.

Q: John. Is that the same John that put his finger in your pussy?

A: Yeah.

\* \* \* \* \* \*

Q: Did he ask you to touch it?

A: Yeah.

Q: Did you touch it?

A: No.

Q: No. Was it scary?

A: Yes.

■ Appellant has briefed seven grounds of error. First, he argues that the trial court erred in admitting the videotape over appellant's objections because the statements made by A.W. were in response to leading questions. In this ground appellant argues that the videotape was not made in compliance with the statute. Section 2(a)(4) of Article 38.071, supra note 1, provides that one of the requirements for the admissibility of a recorded statement from a child victim is that:

(T)he statement was not made in response to questioning calculated to lead the child to make a particular statement.

While the twenty minute recorded videotape contains a number of questions which might be considered leading questions, we hold that the recorded statement, either viewed in its entirety or viewed as to the specific incriminatory answers, "was not made in response to questioning calculated

to lead the child to make a particular statement." See and compare *Jolly v. State*, 681 S.W.2d 689 at 696 (Tex.App.—Houston [14th Dist.] 1984, pet'n requested). Consequently, we overrule the first ground of error.

■ Next, appellant argues that "the trial court erred in admitting the videotape into evidence because the trial court made no ruling on the competency of the witness as is required by Article 38.06, sec. 2 of the Texas Code of Criminal Procedure." This ground of error is overruled. While appellant urged other objections to the videotape recording, there was no objection as to the competency of the witness to testify. See *Franco v. State*, 492 S.W.2d 534 (Tex.Cr. App.1973). Moreover, the record shows that the trial court viewed the videotape recording before it was shown to the jury. It is apparent that the trial judge satisfied himself that the child appeared to possess sufficient intellect to relate the transactions with respect to which she was interrogated. This satisfies the requirements of TEX.CODE CRIM.PRO.ANN. art. 38.06, sec. 2 (Vernon 1979). We find no abuse of discretion in the trial court's finding that the child was competent to testify. See also *Jolly v. State*, supra at 695.

■ In his third ground of error, appellant argues that "the trial court erred in not directing a verdict of acquittal because there was no evidence or alternatively because the evidence was insufficient to establish beyond a reasonable doubt the identity of appellant as the actor perpetrating the alleged offense." This ground is overruled. While the child identified the perpetrator only as "John," "the boy baby sitter," and "Sylvia's husband," there is testimony by the child's mother, by appellant himself and by appellant's wife which makes it abundantly clear that appellant, John Walton Alexander, is the husband of Sylvia and that Sylvia was the child's babysitter at the time of the offense.

■ In his fourth ground of error, appellant urges what we consider to be the crucial question, his attack upon the constitutionality of Article 38.071, Section 2. See footnote 1. He argues that the videotape denied him the right to "effective contemporaneous cross examination" and that its admission into evidence violated "due process requirements" as to the "cross examination and confrontation of witnesses." See footnote 2. This ground of error is overruled because the statute affords due process by providing:

Sec. 2. (a) The recording of an oral statement of the child made before the proceeding begins is admissible into evidence if:

(1) no attorney for either party was present when the statement was made;

(2) the recording is both visual and aural and is recorded on film or videotape or by other electronic means;

(3) the recording equipment was capable of making an accurate recording, the operator of the equipment was competent, and the recording is accurate and has not been altered;

(4) the statement was not made in response to questioning calculated to lead the child to make a particular statement;

(5) every voice on the recording is identified;

(6) the person conducting the interview of the child in the recording is present at the proceeding and available to testify or be cross-examined by either party;

(7) the defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence; and

(8) the child is available to testify.

(b) If the electronic recording of the oral statement of a child is admitted into evidence under this section, either party may call the child to testify, and the opposing party may cross-examine the child.

The record before us shows that each of these requirements was satisfied. We find that on the facts before us the statute did not violate appellant's constitutional rights to due process. He was afforded the op-

portunity to confront his accuser and to question her as to the charges which she made against him. See *Jolly v. State*, supra at 695.

In his fifth ground of error, appellant argues that "the trial court erred in allowing prosecutorial comments during the punishment phase of trial which call for the jury to consider extraneous offenses in its assessment of punishment and this error was harmful to appellant." The district attorney made the following statements during his opening argument on the issue of punishment:

> You had evidence from the State of four prior convictions on Alexander, two of them felonies, one of them resulting in time in the penitentiary. Alexander was placed on five years probation in August of 1983 in accordance with a State's Exhibit in that cause, and had been on probation for only about nine months, and this is after having already been in the penitentiary one time, gets out on probation, nine months, and proceeds to *sexually abuse these little girls*. (Emphasis added)

During his final argument on punishment the district attorney stated:

> (I)s there anything worse than what he did to *those two little girls*. A.W. is going to be serving a life sentence that he gave her.... *I don't know about K.* (the other little girl), how long it's going to bother her, she may have a life sentence as well.... I can't find a thing that tells me that this guy is entitled to anything other than a life sentence.... Now, the people in Erath County are going to be looking at this jury verdict to see what happens to folks who sexually molest *Kiddoes* in Erath County.... (H)e continues to violate the law, continues to molest our *children,* and I ask you to send him to the penitentiary for life, and what's more, I ask you to fine him $10,000, and the reason I ask you to do that, is because that's the most you can do.

There were no objections to this portion of the State's jury argument. No error has been preserved for appellate review. *Brooks v. State*, 642 S.W.2d 791 at 798 (Tex.Cr.App.1982). Ground five is overruled.

In ground six appellant argues that the trial court erred in admitting the videotaped statement "because there is nothing of record filed by the State to indicate that the child, the alleged victim of the offense, is twelve years of age or younger as required by Article 38.071." This ground is overruled. The child's mother testified as to the names and ages of her children: "W.W., she's seven; there's C.W., he's six; A.W., *she's four;* and C., she's twenty-one months." Moreover, the child victim stated during the videotape recording that she is "four." See also *Jolly v. State*, supra at 697.

Finally, appellant argues in his seventh ground of error that "the trial court erred in admitting over appellant's timely objection prejudicial evidence of a separate extraneous offense." This ground is overruled. The evidence that appellant molested a six-year-old girl at about the same period of time that he molested the four-year-old complainant is admissible to show the unnatural attention which he paid to the children which were left with his wife, their babysitter, and to demonstrate a continuing course of conduct. It is not necessary to show that they were his children or stepchildren. See *McDonald v. State*, 513 S.W.2d 44 (Tex.Cr.App.1974); *Johnston v. State*, 418 S.W.2d 522 (Tex.Cr.App.1967); *Cummings v. State*, 651 S.W.2d 14 (Tex. App.—Amarillo 1983, no pet'n); *Kester v. State*, 636 S.W.2d 232 (Tex.App.—El Paso 1982, no pet'n).

The judgment of the trial court is affirmed.