Anthony WOODS and Lee Ann Ballard, Appellants,

v.

The STATE of Texas, Appellee.

No. 6–85–059–CR.

Court of Appeals of Texas, Texarkana.

June 24, 1986.

Rehearing Denied July 15, 1986.

James E. Davis, Texarkana, for appellants.

Louis Raffaelli, Dist. Atty. of Bowie County, Texarkana, for appellee.

CORNELIUS, Chief Justice.

A jury convicted Anthony Woods and Lee Ann Ballard of aggravated sexual assault of a child. Punishment was assessed at fifteen years confinement for Woods and twenty-five years confinement for Ballard.

On appeal, they complain that the trial court erred in admitting the victim's video-taped statement into evidence, and in over-ruling their motion for new trial based on the State's failure to divulge exculpatory evidence.

The victim was the six year old daughter of Lee Ann Ballard. The child was found to have a vaginal discharge. Her mother took her to a Dr. Alex J. Keller. A medical test indicated the child had gonorrhea. She was later taken to St. Michael's Hospital for further examination. Another examination by Dr. Wright at St. Michael's confirmed the diagnosis and revealed bruises, abrasions and tear marks in the child's vaginal area.

The Public Health Department and agents of the Department of Human Resources were contacted. Sann Cisco of the Department of Human Resources made a videotaped interview of the child in which she stated that both Lee Ann Ballard and Anthony Woods had repeatedly sexually assaulted her by inserting their fingers into her vagina. She further stated that Anthony Woods would whip her with a belt if she did not remove her clothes and do what he said and would continue to whip her until she complied with his demands.

■ Woods and Ballard contend that Tex.Code Crim.Proc.Ann. art. 38.071 (Vernon Supp.1986), allowing videotaped testimony of child victims, is unconstitutional because it does not allow them contemporaneous confrontation of the witnesses against them as guaranteed by the Sixth Amendment to the United States Constitution. This Court has already addressed this question and has upheld the constitutionality of Article 38.071 against such a challenge. *Mallory v. State*, 699 S.W.2d 946 (Tex.App.—Texarkana 1985, no pet.); *see also, California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *Tolbert v. State*, 697 S.W.2d 795 (Tex.App.—Houston [1st Dist.] 1985, no pet.); *Alexander v. State*, 692 S.W.2d 563 (Tex.App.—Eastland 1985, pet. granted); *Jolly v. State*, 681 S.W.2d 689 (Tex.App.—Houston [14th Dist.] 1984, pet. granted). *Contra Powell v. State*, 694 S.W.2d 416 (Tex.App.

—Dallas 1985, no pet.); *Long v. State*, 694 S.W.2d 185 (Tex.App.—Dallas 1985, no pet.).

■ Woods and Ballard next argue that the testimony of the victim is insufficient to support their convictions because no formal oath was administered to her before the videotaped interview. Nothing in Article 38.071 requires that the child be placed under oath. If the child knows what it means to tell the truth and understands that she has an obligation to do so, she is competent to testify, and the videotape is admissible into evidence if it otherwise complies with Article 38.071. *Newman v. State*, 700 S.W.2d 307 (Tex.App.—Houston [1st Dist.] 1985, no pet.); *Jolly v. State*, supra.

■ Woods and Ballard next assert that the videotape was invalidated by the use of leading questions. Leading the witness will invalidate the videotape only if, taken as a whole, the statement is the product of leading questions. *Mallory v. State*, supra; Tex.Code Crim.Proc.Ann. art. 38.071 (Vernon Supp.1986). A careful review of this tape shows that, as a whole, it was not the product of leading questions calculated to produce a particular statement, and thus it was properly admitted into evidence. *Mallory v. State*, supra.

Woods and Ballard also complain that their motion for new trial should have been granted because the State withheld exculpatory evidence from them. Specifically, they complain of the fact that they were not advised of the existence of a videotaped interview of the child made two months before the videotape actually introduced at trial. The earlier tape, they claim, contains exculpatory material of such a nature that had it been shown to the jury, it could have changed the results of the trial. In this tape, the victim first denies that anybody had assaulted her and states that any injuries she suffered were as a result of falling off a slide. Upon further questioning she admitted that the appellants had assaulted her and that they had threatened to harm her if she told anybody. The vast majority of the tape consists of testimony damning to Woods and Ballard. After viewing the

tape, the trial court concluded that while some of it might argumentatively be exculpatory, as a whole it was not exculpatory, and the admission of it into evidence would not have changed the outcome of the case. He therefore denied the motion for new trial.

The State may not suppress evidence which may exonerate the defendant or be material to his defense, whether or not the suppression was inadvertent. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Means v. State,* 429 S.W.2d 490 (Tex.Crim.App.1968); *Elliott v. State,* 681 S.W.2d 98 (Tex.App.—Houston [14th Dist.] 1984), *aff'd on other grounds,* 687 S.W.2d 359 (Tex.Crim.App.1985). In determining whether such suppression is a violation of due process, we decide whether the evidence may have had an effect on the outcome of the trial. *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Means v. State,* supra; *Elliott v. State;* supra. After carefully reviewing the tape, we agree with the trial court that its introduction would not have had an effect on the outcome of the trial which would have benefitted Woods and Ballard. The motion for new trial was properly overruled. *Napue v. Illinois,* supra; *Means v. State,* supra; *Elliott v. State,* supra.

The judgment is affirmed.