STATE of Missouri, Respondent,

v.

Mark SEEVER, Appellant.

No. 68927.

Supreme Court of Missouri,
En Banc.

July 14, 1987.

Justine Del Muro, Asst. Public Defender, Sean O'Brien, Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for respondent.

## PER CURIAM.

The defendant was convicted of sexual abuse in the first degree in subjecting H.W., a girl just turning 8, to sexual contact over a period of several months. At the outset of the trial a videotaped statement of the victim was received into evidence pursuant to § 492.304, RSMo 1986, over objection on constitutional and other grounds. The defendant appeals directly to this Court, asserting that § 492.304 violates the confrontation clause of the Sixth Amendment and the similar provision of the Missouri Constitution, Art. I, § 18(a). Other grounds of error relating to the statement are also alleged. We reverse and remand for a new trial, without reaching the constitutional issue.

The defense does not challenge the submissibility of the case and asserts no trial error not relating to the videotaped statement, and so it is not necessary to describe the unpleasant details of the offense charged and found by the jury to have been established. The defendant's wife and the victim's mother were close friends. When the women went out, the defendant would baby-sit with their combined assembly of children in his own house. In June of 1985 the victim's mother, after hearing reports of molestation of another child, questioned her about whether she had had any similar experiences, and the victim reported four instances between April and September of 1984 in which the defendant had had sexual contact with her. A police investigation followed during which the videotaped statement in issue was taken.

The interrogator was Detective Bernard Gowin of the Kansas City Police Department, who testified at the trial. Detective Gerald O'Donnell of the Kansas City Police Department, who was familiar with the technical aspects of the videotaping equipment, also testified. In the view we take of the case it is not necessary to discuss the defendant's claim that an insufficient foundation was laid as to the reliability of the equipment.

The videotape was received over defense counsel's objection as follows:

[I]t's our position that at least as applied to this case and in general on its face, Section 492.304 of the Revised Statutes of Missouri is unconstitutional and in violation of the Sixth and Fourteenth Amendments to the United States Constitution as well as Article I, section 18(a) of the Missouri Constitution, in that what we're talking about here is putting into evidence an out of court statement of the complaining witness where the defendant was not present, had no opportunity to be present, had no opportunity to cross-examine the witness or question her in any fashion.

Not only is it a hearsay statement, it's coming in this case in contravention of the defendant's right to cross-examination and confront that witness at the time that the videotape was made. It's hearsay is what it is. It's an out of court statement being allowed to come in to prove the truth of what was said in the statement.

Additionally, it, depending on the order of proof, I suppose, amounts to improper rehabilitation of the complaining witness in order to put on a prior somewhat consistent statement in the State's case in chief before the witness has even been impeached.

Tr. at 5.

The videotaping consumed about 15 minutes. The victim's mother was present during the taping but, except for a brief glimpse of her hand, she did not appear in the picture. A digital timer was running continuously and was visible on the screen. At the conclusion of the interview Detective Gowin questioned the victim about the meaning of telling the truth and the consequences of not doing so, but she was not placed under oath. In the tape she described incidents which, if believed, demonstrated violation of the statute as charged.

After the videotape was viewed by the jury and other testimony was heard the victim was called to the stand and gave full

testimony, without reference to the video-tape, sufficient to support the charge. She was then cross-examined. The defense argues, in addition to the constitutional point, that the state was improperly allowed to bolster the victim's testimony by means of the videotaped statement.

The defendant totally denied his involvement, and suggested the possibility that the contact might have occurred as described, but with another person. We now turn to the points urged for reversal.

### 1. The Constitutional Issues

The statute relied on for admission of the videotapes reads as follows:

492.304. Visual and aural recordings of child under twelve admissible, when.—1. In addition to the admissibility of a statement under the provisions of section 492.303, the visual and aural recording of a verbal or nonverbal statement of a child when under the age of twelve who is alleged to be a victim of an offense under the provisions of chapter 565, 566 or 568, RSMo, is admissible into evidence if:

(1) No attorney for either party was present when the statement was made;

(2) The recording is both visual and aural and is recorded on film or video-tape or by other electronic means;

(3) The recording equipment was capable of making an accurate recording, the operator of the equipment was competent, and the recording is accurate and has not been altered;

(4) The statement was not made in response to questioning calculated to lead the child to make a particular statement or to act in a particular way;

(5) Every voice on the recording is identified;

(6) The person conducting the interview of the child in the recording is present at the proceeding and available

to testify or be cross-examined by either party;

(7) The defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence; and

(8) The child is available to testify.

2. If the electronic recording of the statement of a child is admitted into evidence under this section, either party may call the child to testify and the opposing party may cross-examine the child.

3. As used in this section, a nonverbal statement shall be defined as any demonstration of the child by his or her actions, facial expressions, demonstrations with a doll or other visual aid whether or not this demonstration is accompanied by words.

In criminal trials, however, the legislature's authority to enact evidentiary statutes is circumscribed by constitutional provisions. The pertinent provisions of the Sixth Amendment, applicable to the states through the medium of the Fourteenth [1] are as follows:

That in criminal prosecutions the accused shall have the right to ... be confronted with the witnesses against him....

Missouri's comparable provision is somewhat different, being expressed in the following language:

That in criminal prosecutions the accused shall have the right to ... meet the witnesses against him face to face....

Mo. Const. Art. I, § 18(a).

Several decisions construing statutes essentially similar to ours have been handed down by the district courts of appeal of the State of Texas. Some support the defendant's position [2] and some support the state's.[3] Review of some cases has been granted by the Texas Court of Criminal Appeals, which is the highest court of Tex-

1. *Pointer v. Texas,* 380 U.S. 400, 403–404, 85 S.Ct. 1065, 1067–68, 13 L.Ed.2d 923 (1965).

2. *Buckner v. State,* 719 S.W.2d 644 (Tex.App. 1986); *Romines v. State,* 717 S.W.2d 745 (Tex. App.1986); *Long v. State,* 694 S.W.2d 185 (Tex. App.1985).

3. *Woods v. State,* 713 S.W.2d 173 (Tex.App. 1986); *Whittemore v. State,* 712 S.W.2d 607 (Tex.App.1986); *Jolly v. State,* 681 S.W.2d 689 (Tex.App.1984).

as having appellate jurisdiction over criminal cases, but no decision has been handed down by that court.[4]

The constitutional objection quoted above was presented before the evidence was received, and was overruled. The state points out that the objection was not set out explicitly in the motion for new trial, and argues that our review is therefore limited to matters of "plain error." We do not need to determine the scope of our review of the constitutional issues, because we find other grounds properly preserved, which require the reversal of the conviction. We do not usually decide constitutional questions if a case can be fully disposed of without reaching them.

## 2. Improper Enhancement

 The state did not fully avail itself of the privilege, accorded it by the statute, of introducing the videotape and then leaving it to the defendant to call the victim for cross-examination. It first introduced the videotape, and then called her to the stand where she gave testimony covering all the elements of the case. The defendant argues that this procedure resulted in an improper enhancement and rehabilitation. We agree.

When a witness testifies from the stand, the use of duplicating and corroborative extrajudicial statements is substantially restricted.[5] Thus it would not be proper to read a witness's consistent deposition testimony, before or after the witness testifies from the stand. The party who can present the same testimony in multiple forms may obtain an undue advantage.

The state argues that § 492.304.2 expressly permits either the state or the defendant to call as a witness a child whose videotape statement has been introduced.

The statute does not authorize total repetition, and we believe that it should not be construed to permit a substantial departure from customary procedures. The defendant of course must have the right to call the child, under any theory of the right of confrontation. The legislature might well have thought that the state might need some testimony from the victim in addition to the videotaped statement, and so might have authorized this testimony without sanctioning a broad duplication in a manner totally at variance with existing practice.

There are cases in which the receipt of a witness's extrajudicial statements in evidence has been held to be harmless error, on the ground that the statements added nothing of substance and the witness was available for cross-examination.[6] Those cases are not appropriate here. The statement and the testimony covered the same precise ground. This bolstering is a departure from the normal course of trial proceedings. There were sharply contested fact issues in the case, including the defendant's frank and total denial. We cannot say that there was no prejudice.

The judgment is reversed and the case is remanded for a new trial.

All concur.

---

4. *See Long v. State,* 694 S.W.2d 185 (Tex.App. 1985); *Jolly v. State,* 681 S.W.2d 689 (Tex.App. 1984), both argued and under submission.

5. This point was strongly presented in *State v. Fleming,* 354 Mo. 31, 188 S.W.2d 12, 16 (1945); *see also, State v. Degraffenreid,* 477 S.W.2d 57, 64 (1972); *State v. Taylor,* 134 Mo. 109, 35 S.W. 92, 103 (1896); *State v. Grady,* 630 S.W.2d 89 (Mo.App.1981); *State v. Ralls,* 583 S.W.2d 289, 292 (Mo.App.1979). *State v. Harris,* 711 S.W.2d

881 (Mo. banc 1986) overruling *State v. Degraffenreid, supra,* likewise indicates that there are dangers if bolstering is not controlled.

6. *State v. Morris,* 639 S.W.2d 589 (Mo. banc 1982); *State v. Haggard,* 619 S.W.2d 44 (Mo. banc 1981); *State v. Moss,* 700 S.W.2d 501 (Mo. App.1985); *State v. Young,* 661 S.W.2d 637 (Mo. App.1983); *State v. Askew,* 570 S.W.2d 798 (Mo. App.1978).