**John Walton ALEXANDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 752–85.**

**Court of Criminal Appeals of Texas, En Banc.**

**June 29, 1988.**

Wayne S. Weaver, Stephenville, for appellant.

John Terrill, Dist. Atty., Stephenville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was convicted of the offense of aggravated sexual assault and sentenced to seventy-five years' confinement and a $10,000 fine. His conviction was affirmed by the Eastland Court of Appeals. *Alexander v. State*, 692 S.W.2d 563 (Tex.Cr.App. 1985). We granted appellant's petition for discretionary review to consider two issues: first, did the trial court err in admitting into evidence an extraneous offense; and second, does Article 38.071, V.A.C.C.P., violate the due process requirements and the confrontation requirements guaranteed under the United States and Texas Constitutions.

Appellant was charged with inserting his finger into the vagina of four year old A____ W____, while the child was being babysat by his wife. The record reveals that during the State's case in chief, after the videotape of the victim was played to the jury, the State introduced evidence that appellant had fondled another child K____ B____, who was in the care of his wife at the same time as the victim. Six year old K____ B____ testified before the jury over appellant's objection that while she was in the kitchen of her babysitter's house, the babysitter's husband, the appellant, put his hand inside her shorts and rubbed her vaginal area. She related that appellant also took her into the bathroom and asked her if he could kiss her vaginal area and she told him "no." Appellant testified that he had never been alone with any of the children in his wife's care and denied any misconduct with the children. The trial court justified the admission of the extraneous offense into evidence by finding that the extraneous offense was sufficiently similar in nature to demonstrate a continuing scheme or course of conduct by appellant and the extraneous offense demonstrated the unnatural attention of appellant to young girls of tender ages. Based upon this rationale, the court found that the probative effect of the evidence outweighed the prejudicial effect of the evidence. In his charge to the jury, the court instructed them that they could only consider the extraneous offense "in determining the scheme, design or course of conduct of the Defendant...."

■ The Court of Appeals affirmed appellant's conviction without benefit of our opinion in *Boutwell v. State*, 719 S.W.2d 164 (Tex.Cr.App.1985). That Court relied upon *McDonald v. State*, 513 S.W.2d 44 (Tex.Cr.App.1974), and *Johnston v. State*, 418 S.W.2d 522 (Tex.Cr.App.1967), to hold that "evidence that appellant molested the four-year-old complainant is admissible to show the *unnatural attention which he paid to the children* which were left with his wife, their babysitter, and to demonstrate a continuing course of conduct." *Alexander v. State* 692 S.W.2d at 563 (emphasis added). In *Boutwell*, this language utilized by the Court of Appeals in affirming appellant's conviction was disavowed. *Boutwell v. State*, 719 S.W.2d at 164. Both *Johnston* and *McDonald*, relied upon by the Court of Appeals, were expressly overruled. *Id.* We therefore vacate the judgment of the Court of Appeals and remand this cause to that court to determine whether, in light of *Boutwell*, the trial court erred in admitting evidence of an extraneous sexual assault and whether such admission was harmful to appellant. See Tex.R.App.P., Rule 81(b)(2); *Jones v. State*, 587 S.W.2d 115 (Tex.Cr.App.1979).

■ The Court of Appeals also determined that the admission into evidence of the videotaped recording of the child victim pursuant to Article 38.071, supra, did not unconstitutionally deny appellant's confrontation and due process rights. *Alexander v. State*, 692 S.W.2d at 566–567. In *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App. 1987), cert. denied — U.S. ——, 108 S.Ct. 1301, 99 L.Ed.2d 511, 43 Crim.L.Rep. 4001 (1988), a majority of this Court held that Article 38.071, supra, was unconstitutional in that, contrary to the Court of Appeals' holding, it worked to deny a defendant his rights to confrontation and due process guaranteed him under both the United States and Texas Constitutions. Again the Court of Appeals was without benefit of the *Long* opinion and, should the *Boutwell*

issue be decided adversely to appellant, the Court of Appeals is instructed to conduct a harm analysis as to the admission into evidence of the videotaped recording. See, *Mallory v. State*, 752 S.W.2d 566 (Tex.Cr. App.1988).

The judgment of the Court of Appeals is vacated and this case is remanded to that court for further proceedings consistent with this opinion.

ONION, P.J., dissents to the remand.

CAMPBELL, J., not participating.