Otis Allen SMITH, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 557–86.**

Court of Criminal Appeals of Texas, En Banc.

July 13, 1988.

Rehearing Denied Sept. 14, 1988.

Keith E. Jagmin, Dallas, for appellant.

John Vance, Dist. Atty. and Anne B. Setherholt, George B. McElroy, III and Andy Beach, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

The appellant was convicted of aggravated sexual assault. The jury assessed punishment at 40 years' imprisonment.

On appeal, appellant contended, inter alia, that his rights of confrontation and cross-examination guaranteed by the United States and Texas Constitutions were violated by the introduction of the child complainant's videotaped testimony in the State's case-in-chief. He also contended that the videotape was inadmissible because the proper predicate was not laid as required by Article 38.071, V.A.C.C.P. In another point of error appellant complained that the trial court erred in admitting over objection extraneous offenses involving sexual abuse over a six year period of a third party, the complainant's half sister. In an unpublished opinion the Dallas Court of Appeals rejected all of appellant's points of error and affirmed his conviction.

*Smith v. State* (Tex.App.–Dallas, No. 05–85–00654–CR—March 27, 1986).

We granted appellant's petition for discretionary review to determine the correctness of the Court of Appeals' decision as to the admission of the extraneous offense and the failure to lay the proper predicate for the admission of the videotape. On our motion we grant review of the decision of the Court of Appeals that appellant's confrontation and cross-examination rights guaranteed by federal and state constitutions were not violated by the introduction of the videotaped testimony of the child complainant.

In overruling appellant's point of error concerning the admission of extraneous offenses involving a third party the Court of Appeals was without the benefit of our opinion in *Boutwell v. State*, 719 S.W.2d 164 (Tex.Cr.App.1986) (on State's Motion for Rehearing). We therefore vacate the judgment of the Court of Appeals and remand this cause to that court to determine whether, in light of *Boutwell* the trial court erred in admitting evidence of extraneous offenses as alleged, if so, and whether such admission was harmful. See Tex. R.App.Pro., Rule 81(b)(2); *Turner v. State*, 754 S.W.2d 668 (Tex.Cr.App.1988); *Alexander v. State*, 753 S.W.2d 401 (Tex.Cr.App. 1988).

In rejecting appellant's contention that Article 38.071, V.A.C.C.P., violated his rights of confrontation and cross-examination the Court of Appeals sought to distinguish the instant case from its opinion in *Long v. State*, 694 S.W.2d 185 (Tex.App.–Dallas 1985). The Court of Appeals was without the benefit of our opinion in *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App.1987), cert. den. —— U.S. ——, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988), and the reasoning therein. Should the *Boutwell* issue be decided adversely to the appellant the Court of Appeals is instructed to reconsider the confrontation issue in light of our opinion in *Long* (742 S.W.2d 302), and, if necessary, to conduct a harm analysis as to the admission into evidence of the videotape of the complainant's testimony. See *Mallory v. State*, 752 S.W.2d 566 (Tex.Cr.App.1988); *Alexander*, supra.

Still further, and only if necessary, the Court of Appeals should reconsider appellant's point of error as to propriety of the predicate of the admission into evidence of the videotape in light of Article 38.071, § 2(a) and more particularly § 2(a)(4), V.A. C.C.P. (Acts 1983, 68th Leg., p. 3828, ch. 599, eff. Aug. 29, 1983), in effect at the time of appellant's trial. The opinion of the Court of Appeals did not directly answer appellant's contention.

Accordingly, we vacate the judgment of the Court of Appeals and remand this cause to that court to reconsider appellant's points of error, first in light of *Boutwell*, supra, then if necessary in light of our opinions in *Long* and *Mallory*, and to readdress, if necessary, appellant's contention as to whether a sufficient predicate had been laid for the introduction of the videotape.