**Anthony WOODS and Lee Ann Ballard, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 949–86.**

Court of Criminal Appeals of Texas,
En Banc.

Dec. 7, 1988.

James E. Davis, Texarkana, Ark., for appellants.

Robert Huttash, State's Atty., and Matthew W. Paul, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANTS' PETITION
FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeals are taken from convictions for the offenses of aggravated sexual assault. After finding the appellants guilty, the jury assessed punishment for appellant Woods at fifteen years and appellant Ballard at twenty-five years.

On appeal, appellants urged the trial court erred in admitting a pretrial videotape interview of the complainant, as authorized by Article 38.071, Section 2, V.A.C. C.P. It was urged that the admission of the videotaped testimony of the child victim did not allow for the contemporaneous confrontation of the witnesses against the appellants. The Court of Appeals rejected the point of error on the basis of earlier opinions which had upheld the constitutionality of Article 38.071, Section 2, against such a challenge. *Woods v. State*, 713 S.W.2d 173 (Tex.App.—Texarkana 1986).

In light of our decision in *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App.1987), we find that the Court of Appeals erred. In *Long*, this Court, after an extensive analysis of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10, of the Texas Constitution in relation to Article 38.071, Section 2, supra, held:

"Based on our previous observations and authorities and for the reasons stated, we find that Art. 38.071, § 2, supra, is both facially and as it was applied to the appellant an unconstitutional depriva-

tion of his right of confrontation under the Sixth and Fourteenth Amendments to the United States Constitution.

"In addition, and independent of the above finding, we further find that Art. 38.071, § 2, supra, is both facially and as it was applied to this appellant an unconstitutional deprivation of his State guaranteed right of confrontation under Art. I, § 10 of the Texas Constitution." 742 S.W.2d at 323.

Having determined in *Long*, supra, that Article 38.071, Section 2, supra, is facially unconstitutional under both the Federal and State constitutions, we reverse the judgment of the Court of Appeals and remand the cause to that court for reconsideration of the point of error.