**STATE of Missouri, Respondent,**

v.

**Tommy L. CROSSLAND, Appellant.**

**No. 17165.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 13, 1991.

Motion for Rehearing or Transfer to
Supreme Court Denied
Dec. 4, 1991.

MONTGOMERY, Judge.

Following jury trial Tommy L. Crossland[1] was convicted of the Class D felony of sexual abuse in the first degree in violation of § 566.100, RSMo 1986. He was sentenced to a term of two years imprisonment.

Crossland presents four points of error, and none challenge the sufficiency of the evidence. We relate briefly the facts which bear on those points.

Crossland and Peggy S. married August 26, 1985. At that time Peggy had a daughter, A.S., who was born August 21, 1983. In December 1987, Crossland, Peggy, and A.S. (four years old at the time) were visiting friends. While there, Betty Ennis, then age 12, observed that A.S. had taken her clothes off along with the clothes of her doll. In response to questioning from Betty, A.S. stated she was playing a game that she and her daddy (Crossland) played. She then described certain acts of sexual abuse. In December 1988 or January 1989, Crossland and Peggy separated. Peggy made a "hotline report" to the Division of Family Services in early January of 1989, regarding abuse of A.S. The report was referred to Greene County Juvenile Office, and on February 23, 1989, a videotaped interview of A.S. was conducted by the juvenile officer. In the videotaped statement A.S. described certain acts of sexual abuse, including oral sex.

On June 29, 1989, a felony information was filed charging Crossland with first degree sexual abuse between the dates of August 23, 1988, and December 25, 1988. A motion to amend the felony information was filed August 7, 1990. The amended felony information charged Crossland with first degree sexual abuse between August 23, 1987, and December 25, 1988, and added one state witness, Betty Ennis. After taking the motion under advisement, the trial court sustained it on August 20, 1990, which was the first day of trial.

At trial A.S. (then seven years old) testified of certain acts of sexual abuse but denied Crossland ever touched her mouth

Scott B. Tinsley, Springfield, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

---

1. For convenience, we hereafter refer to appellant by his last name.

with anything. In response to questions by the prosecutor, she stated she remembered making a videotaped statement and her statements there were true.

A question not briefed by either party is whether jurisdiction of the appeal is here or in our supreme court. Mo. Const. Art. V, § 3 (1982 Amend.), reads:

The supreme court shall have exclusive appellate jurisdiction in all cases involving the validity of a treaty or statute of the United States, or of a statute or provision of the constitution of this state, the construction of the revenue laws of this state, the title to any state office and in all cases where the punishment imposed is death. The court of appeals shall have general appellate jurisdiction in all cases except those within the exclusive jurisdiction of the supreme court.

Crossland has raised constitutional questions in his first and third points on the validity of § 491.060, RSMo 1986, and § 492.304 RSMo 1986. Both statutes have previously been attacked on the same constitutional grounds as here. In each instance our supreme court upheld the constitutionality of the statutes. Those decisions will be discussed herein. We have concluded that this case requires only the application of settled constitutional principles which were established in the cases upon which we rely. For that reason we determine we have appellate jurisdiction of this case. See *Champlin Petroleum Co. v. Brashears*, 592 S.W.2d 545, 547–48 (Mo. App.1979); *City of St. Louis v. Gavin*, 222 S.W.2d 531, 535 (Mo.App.1949).

Crossland's first point claims the trial court erred in admitting into evidence an edited videotape of the interview between A.S. and the juvenile officer. He contends the videotape denied his right to confront witnesses as provided by the sixth and fourteenth amendments to the United States Constitution and Art. I, § 18(a), of the Missouri Constitution. He states the videotaped statement was also an improper attempt by the state to rehabilitate their witness.

Crossland relies essentially on *State v. Seever*, 733 S.W.2d 438 (Mo. banc 1987), to support both positions. His reliance is misplaced. The state, in *Seever*, as here, relied on § 492.304, RSMo 1986, for admission of a videotaped statement of a child victim under the age of twelve. This statute allows a visual and aural recording of a verbal or non-verbal statement of a child under the age of twelve years who is a victim of a chapter 566 offense to be admitted in evidence if eight strict conditions of admissibility are met. Crossland does not challenge any of the eight conditions here. Subsection 2 provides:

If the electronic recording of the statement of a child is admitted into evidence under this section, either party may call the child to testify and the opposing party may cross-examine the child.

In *Seever*, the state first introduced the entire videotaped statement and then called the victim to the stand. The victim gave testimony sufficient to support the entire charge. The defendant raised the same constitutional questions as Crossland does here. Our supreme court reversed the case without reaching the constitutional issue. *Seever* was reversed because the procedure followed by the state resulted in improper enhancement and rehabilitation of the witness. The court said: "The party who can present the same testimony in multiple forms may obtain an undue advantage." 733 S.W.2d at 441.

In the present case, a vastly different procedure was followed by the state. A.S. personally testified to facts constituting sexual abuse. She denied any acts of oral sex occurred. The state then introduced a strictly edited videotaped statement of A.S. where she stated oral sex did occur, contrary to her trial testimony. No portion of the videotape was shown to the jury except the portion concerning oral sex. The edited videotaped statement was not a duplication of her trial testimony in any way. For this reason *Seever* is not in point.

The videotaped evidence, as presented, is admissible under § 491.074, RSMo 1986, which reads:

Notwithstanding any other provisions of law to the contrary, a prior inconsistent

statement of any witness testifying in the trial of an offense under chapter 565, 566 or 568, RSMo, shall be received as substantive evidence, and the party offering the prior inconsistent statement may argue the truth of such statement.

■ In *State v. Bowman,* 741 S.W.2d 10 (Mo. banc 1987), *cert. denied,* 488 U.S. 829, 109 S.Ct. 83, 102 L.Ed.2d 60 (1989), our supreme court held that § 491.074 permitted the trial court to receive prior inconsistent statements as substantive evidence. At trial, the state witness failed to testify he saw defendant stab the victim. In his earlier videotaped statement to the police, the state witness stated the contrary. The videotaped statement was properly admitted as substantive evidence of the stabbing.

Here, the videotaped statement of A.S. was admitted to reveal an act of oral sex which she had previously denied on the stand. It was for the jury to weigh the videotaped statement against her trial testimony.

■ Crossland's constitutional challenge has no merit because of *State v. Schaal,* 806 S.W.2d 659 (Mo. banc 1991). Our supreme court ruled that § 492.304 was constitutional under the same challenge as presented by Crossland. The court held:

By any calculation, § 492.304 satisfies a defendant's right to confrontation. The statutory requirement that the child witness be available to testify at trial, under oath, and subject to the fact finder's observation of demeanor, [citation omitted], guarantees that right. The statute also ensures that the recorded statement is made without attorneys being present and without 'questioning calculated to lead the child to make a particular statement or act in a particular way.' Further, the jury is able to judge the videotaped, recorded testimony for themselves; they do not receive it secondhand. Appellant's facial Sixth Amendment attack is not valid.

Point I is denied.

Crossland's second point contends that it was improper to allow Betty Ennis to testify concerning the hearsay statements made to her by A.S. He argues that the time,

content, and circumstances of the statement did not provide sufficient indicia of reliability.

§ 491.075, RSMo 1986, reads, in part:

1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) The child either:

(a) Testifies at the proceedings; or

(b) Is unavailable as a witness.

■ As required, the trial court conducted a hearing outside the presence of the jury to determine if the time, content, and circumstances of the statement provided sufficient indicia of reliability. At that hearing, Betty Ennis, fifteen years of age, testified that in December of 1987, Crossland's family and A.S. were visiting in her parents' home. The adults were playing cards in the kitchen while Betty and A.S. were playing dolls in the back bedroom. Betty then described the incident concerning the clothing of A.S. and her doll. No one else was present when the statements of sexual abuse were made by A.S. to Betty. A.S. cried and told Betty not to tell her daddy of the incident. The trial court found the statement of the child was admissible because the time, content, and circumstances of A.S.'s statement made to Betty Ennis had sufficient indicia of reliability. Our court in *State v. Potter,* 747 S.W.2d 300, 305 (Mo.App.1988), determined that § 491.075 "accords the trial court discretion to determine whether the time, content and circumstances of a child's statement provides sufficient indicia of reliability to justify its admission into evidence."

Crossland argues that the statements of A.S. to Betty Ennis contained no time

frame as to when the abuse occurred. He points us to the *Potter* case, *supra,* where the child victim made statements to a physician the day of the abuse and to a social worker the day after. There, we upheld the trial court finding that the statements of the child had sufficient indicia of reliability and determined the trial court has discretion in making such finding. Crossland cites only one additional case, *State v. Wright,* 751 S.W.2d 48 (Mo. banc 1988), where the child victim made a statement two hours after the crime occurred. The trial court held a pre-trial hearing and found the victim's out-of-court statement provided the statutorily required indicia of reliability. However, defendant's appeal did not attack that finding of the trial court. The appeal was based on constitutional grounds and instructional error. *Wright* provides no relief to Crossland.

The statement of A.S. to Betty Ennis occurred in December of 1987. The amended information alleged the crime occurred between August 23, 1987, and December 25, 1988. The time frame between the earliest sexual abuse and the statement was approximately four months. We find no abuse of discretion by the trial court's determination. Point II is denied.

Crossland contends in his third point that the trial court erred (a) in allowing A.S. to testify because she was incompetent to testify due to her age and lack of understanding, (b) because § 491.060 denies Crossland his constitutional right to equal protection under the law and his right to due process, and (c) said statute violates his constitutional right to confront and cross-examine witnesses against him.

Section 491.060(2), RSMo 1986, states in pertinent part:

The following persons shall be incompetent to testify:

.     .     .     .     .

(2) A child under ten years of age, who appears incapable of receiving just impressions of the facts respecting which he is examined, or of relating them truly; provided, however, that except as provided in subdivision (1) of this section, a child under the age of ten who is alleged to be a victim of an offense under chapter 565, 566 or 568, RSMo, shall be considered a competent witness and shall be allowed to testify without qualification in any judicial proceeding involving such alleged offense. The trier of fact shall be permitted to determine the weight and credibility to be given to the testimony;

. . . .

■ Under this statute a child under ten years of age who is a victim of an offense under chapter 566 (sexual offenses) is presumed to be a competent witness without further qualification. The jury is allowed to determine the weight and credibility to be given such testimony. In *State v. Williams,* 729 S.W.2d 197 (Mo. banc 1987), *cert. denied,* 484 U.S. 929, 108 S.Ct. 296, 98 L.Ed.2d 256 (1987), our supreme court found the 1984 proviso [2] removed the need for judicial determination of competency in those cases where a child of tender years is a victim of one of the delineated offenses. *Id.* at 199. The court determined that the enactment of the 1984 proviso was a policy choice made by the General Assembly and only the constitutionality of the statute was necessary to decide. *Id.* at 200. In *Williams,* defendant was convicted of a first degree sexual abuse and third degree assault in violation of § 566.100 and 565.-070, RSMo 1986. The convictions stemmed from alleged incidents of sexual abuse and other assaults involving defendant's eight-year-old stepdaughter. On appeal defendant urged that § 491.060 denied him equal protection under the law as guaranteed by the fifth and fourteenth amendments to the United States Constitution and Mo. Const. Art. I, § 2, and the statute infringed on his fundamental right of due process to a fair trial. Lastly, he argued the statute denied his right of confrontation guaranteed by the sixth amendment to the United States Constitution and Art. I, § 18(a) of the Missouri Constitution. Our supreme court found against defendant on all his constitutional attacks against § 491.060(2).

---

**2.** A 1984 amendment added the proviso to subdivision (2) of § 491.060.

Crossland makes the same constitutional arguments to us which were denied in *Williams.* Point III has no merit.

 Crossland's final argument is error by the trial court in allowing the state to amend the felony information less than two weeks prior to trial. We find no error. On August 7, 1990, the state filed a motion for leave to amend the felony information. The court heard the motion on August 10, 1990, and on the first day of trial, August 20, 1990, the court sustained the motion. The amended felony information expanded the time period within which the offense was alleged to have occurred by one year.

Rule 23.08 provides:

Any information may be amended ... at any time before verdict ... if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced. No such amendment ... shall cause delay of a trial unless the court finds that a defendant needs further time to prepare his defense by reason of such amendment....

Crossland concedes no additional or different offense was charged. As to prejudice, he refers us to *State v. Adams,* 691 S.W.2d 432 (Mo.App.1985), where our court addressed the issue of an amendment of an information. There the trial court allowed the state to amend the information three days before trial.

We stated, "The test of prejudice under Rule 23.08 is whether a defense under the charge as originally made would be equally available after the amendment and whether defendant's evidence would be equally applicable after, as well as before, the amendment." *Id.* at 433.

Under this test no prejudice has been shown. Crossland maintained he did not abuse A.S. This defense would be the same under both the original and amended information as would his evidence of innocence.

From August 7, 1990, to trial date, Crossland was aware of the state's request to amend the information. At no time did he request a continuance of the trial or indicate he needed additional time for dis-covery or trial preparation. Neither has he advised us in his brief what evidence he could have presented had he been given more time. Furthermore, at the August 10, 1990, hearing his counsel stated she had no objection to the endorsement of Betty Ennis on the amended information. Counsel further stated that she had interviewed Betty Ennis, who was the only additional witness endorsed by the state. For these reasons we perceive no prejudice to Crossland by allowing the information to be amended. Point IV is denied.

Affirmed.

SHRUM, P.J., and MAUS, J., concur.