**Michael LADD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32175.**

Missouri Court of Appeals, Western District.

Sept. 8, 1981.

Russell C. Still, Columbia, for appellant.

John Ashcroft, Atty. Gen., Kirk Lohman, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and CLARK and LOWENSTEIN, JJ.

CLARK, Judge.

Michael Ladd moved under Rule 27.26 to set aside his convictions for armed robbery and assault and the resultant sentences aggregating 45 years. After an evidentiary hearing, the trial court denied relief and Ladd appeals.

The point raised on this appeal is that the trial court erred in denying the post-conviction motion because Ladd's trial attorney was ineffective in failing to call a defense witness to support Ladd's alibi and in failing to seek a change of venue. The point has no merit and the judgment is affirmed.

■ The standard for appellate review in cases of post-conviction motions under Rule 27.26 is well settled. The clearly erroneous measure prescribed by Rule 27.26(j) limits the appellate court to interdiction of the trial court disposition only upon a definite and firm conviction that a mistake has been made. *Vaughan v. State*, 614 S.W.2d 718, 722 (Mo.App.1981). Due regard must be given to the trial court's opportunity to hear witnesses with an accompanying deference to assessment of credibility, unless a clear and convincing abuse of discretion appears. *Tyler v. State*, 588 S.W.2d 3 (Mo. App.1979). Ineffectiveness of counsel is a ground for relief only where the attorney failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and the appellant demonstrates he was thereby prejudiced. *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979).

Ladd first complains in this case that his trial attorney was ineffective because he did not present as a defense witness one Hickman who, according to Ladd, would have supported Ladd's alibi defense. Even according to Ladd, however, the whereabouts of Hickman were uncertain. Two addresses given counsel, as well as telephone numbers, were unproductive in locating Hickman as were efforts by Ladd's girl friend. Although Ladd acknowledged he did not know where Hickman lived, his trial attorney made extensive efforts to locate the witness including enlisting the aid of Ladd's friends and relatives and personally

checking various addresses and telephone numbers.

■ As the movant in the post-conviction proceeding, it was Ladd's burden to allege and prove that Hickman could have been located through reasonable investigation, that he would have testified if called and that his testimony would have provided a viable defense. *Clark v. State*, 578 S.W.2d 60 (Mo.App.1978); *Charles v. State*, 570 S.W.2d 700 (Mo.App.1978). The obligation of defense counsel was to make a reasonable personal effort to locate the witness, relying in part on the efforts of Ladd's friends and relatives. *Porter v. State*, 596 S.W.2d 480 (Mo.App.1980).

While there was some equivocation by Ladd's trial attorney in his motion testimony as to whether or not he actually made contact with Hickman, there was no evidence that Hickman was a willing witness, or that he would have aided Ladd's case had his attendance been compelled by subpoena. The trial court was entitled from the evidence to find as it did, that reasonable attempts were made to locate the witness, that the attempts were unsuccessful for want of reliable information and that the witness, if called, would have been unable or unwilling to aid the defense. Movant's contention to the contrary is rejected.

Ladd next argues that he was denied a fair and impartial trial because pre-trial publicity about the crime precluded impaneling a qualified jury and counsel was ineffective in failing to seek a change of venue.

■ Ladd has failed to show by a preponderance of the evidence that relief should have been afforded him on this point. He bases his argument on several newspaper articles which reported the crime and a claim that he requested his attorney to have the case moved to Jackson County. Trial counsel testified, however, that he recalled no discussion with Ladd about a change of venue and doubted the viability of that alternative because the actual voir dire of the jury venire revealed no general public knowledge of the case. Ladd's assertion that the jury was necessarily prejudiced by pre-trial publicity is unsupported by any facts in the record and is mere conjecture and surmise. Under these circumstances, failure of counsel to seek a change of venue constitutes no basis for a complaint that counsel was ineffective. *Mace v. State*, 452 S.W.2d 130, 134 (Mo.1970).

The judgment is affirmed.

All concur.