**STATE of Missouri,
Plaintiff-Respondent,**

v.

**William Anthony ADAMS,
Defendant-Appellant.**

No. 13843.

Missouri Court of Appeals,
Southern District,
Division Three.

April 25, 1985.

Motion for Rehearing or to Transfer to
Supreme Court Denied
May 9, 1985.

Application to Transfer Denied
June 25, 1985.

napping with the latter sentence to run consecutively to the life sentences. Defendant appealed.

In toto defendant's first point relied on reads: "The trial court erred in allowing the state to amend the information three days before trial began in that said amendment prejudiced appellant by drastically increasing the possible punishment."

Relative to the rape and sodomy counts, the original information erroneously alleged statutes applicable to the crimes and punishment therefor which had been repealed and replaced in 1980. The amended information simply substituted statutory references to the correct laws which were applicable at the time the charged crimes were committed. Otherwise, the original and amended informations were nearly identical.

Rule 23.08 provides: "Any information may be amended ... at any time before verdict ... if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced. No such amendment ... shall cause delay of a trial unless the court finds that a defendant needs further time to prepare his defense by reason of such amendment...."

■■■ "Changing the information to reflect the proper sections that provided punishment, even if the punishment had been increased by their enactment, could not have prejudiced defendant in the trial of the case. The test of prejudice under Rule 23.08 is whether a defense under the charge as originally made would be equally available after the amendment and whether defendant's evidence would be equally applicable after, as well as before, the amendment. *State v. Leake*, 608 S.W.2d 564, 565 (Mo.App.1980). Under this test no prejudice has been shown. Defendant's brief gives no indication that his defense would have been different or that a continuance was necessary for him to further prepare for trial because of the amendment. This

John D. Ashcroft, Atty. Gen., Jack Morris, III, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Holly G. Simons, Columbia, for defendant-appellant.

TITUS, Judge.

Defendant, a prior offender per § 558.-016[1], was jury convicted of rape (§ 566.-030.1), sodomy (§ 566.060.1) and kidnapping (§ 565.110.1). He was court-sentenced to two concurrent life sentences for rape and sodomy and to 15 years for kid-

---

[1]. Statutory and rule references are to V.A.M.S. and V.A.M.R.

**434**

point is denied." *State v. Sipes,* 651 S.W.2d 659, 662–663[5, 6] (Mo.App.1983).

■ Defendant's second point, in full, states: "The Circuit Court erred in failing to grant appellant's motion to dismiss the charges against appellant because the trial started more than 180 days after arraignment in violation of Section 558.016 (sic) and the delay was 'occasioned' by the state."

We first note that defendant's citation of § 558.016 is in error and a correct citation of § 545.780 RSMo 1978 was noted in the argument portion of the brief. It should also be observed that the last cited statute upon which defendant relies was repealed by L.1984, p. 748, S.B. No. 602, § 1, eff. June 7, 1984, and that a new two-line § 545.780 became effective in lieu of the repealed statute. However, because the matters associated with the cause here occurred before the effective date of repeal and new enactment, we will consider the point under the former version. Therefore, statutory citations given in respect to the second point relied on will refer to the repealed law.

Section 545.780.5, in part, provided: "If a defendant is not brought to arraignment or trial within the time limit required by this section, the trial judge *may* dismiss the information or indictment upon motion by the defendant and a showing by defendant that the failure to have the trial commence within time limits specified herein was occasioned by the state." (Emphasis supplied.)

In his brief defendant says that 477 days elapsed from the time of formal arraignment until the trial was conducted on January 30, 1984. Neither we nor the state challenge defendant's calculations. However, defendant overlooks the fact his trial counsel and the defendant himself via escape, employed nearly every available stratagem to delay the trial of the cause on its merits, to wit:

(1) January 13, 1983, defendant files for psychiatric examination—§ 545.780.3(1)(a);

(2) January 18, 1983, defendant files change of venue—§ 545.780.3(1)(d);

(3) February 8, 1983, defendant agrees to move trial from February 18 to April 1, 1983—§ 545.780.3(5)(a);

(4) March 21, 1983, defendant files motion to continue—§ 545.780.3(5)(a);

(5) March 23, 1983, defendant moves for removal of cause from trial docket and cause was continued until further ordered—§ 545.780.3(5)(a);

(6) April 27, 1983, defendant files motion to remand for new preliminary hearing—§ 545.780.3(1)(c);

(7) May 10, 1983, defendant files motion to suppress to be heard June 14, 1983—§ 545.780.3(1)(c);

(8) June 22, 1983, defendant escapes prison and flees jurisdiction—§ 545.780.3(2);

(9) August 17, 1983, sheriff's return on capias warrant filed;

(10) September 16, 1983, defendant consents to passing case to October 11, 1983—§ 545.780.3(5)(a);

(11) October 11, 1983, case set for trial January 30, 1984—§ 545.780.3(5)(a); and

(12) January 30, 1984, cause tried.

In view of the foregoing, for defense counsel to erroneously imply that all trial delays were occasioned by the state cannot be condoned or appreciated by this court. An appellant's points relied on should not only be stated briefly and concisely, but should be penned with reference to some semblance of the truth which is far remote to the situation here. Albeit the so-called speedy trial act had no teeth or bite, *State v. Collins,* 669 S.W.2d 933, 935 (Mo. banc 1984), dismissal of an information was purely and simply a matter of discretion for the trial court. A defendant who challenges this exercise of discretion need meet the extremely substantial burden of demonstrating an abuse of discretion. Defendant counsel should be aware that success on appeal under such a point is very unlikely if the trial court refuses to dismiss the case. Under the circumstances of this

case, we dare not say the repeated delays caused by defendant himself were occasioned by the state or were so great that denial of the motion to dismiss constituted an abuse of discretion. *Id.* at 985[1]. Defendant's second point is denied.

Defendant's third and final point: "The court committed plain error in failing to grant appellant's motion to suppress the statement given by appellant the day he was arrested because the statement was made while appellant was in custody and the state failed to prove by a preponderance of the evidence that the statement was given voluntarily."

The prosecuting witness was 15 years old on July 21, 1982, and living in East Prairie when the alleged crime occurred near 3 a.m. She agreed it was "starting to get light as if the sun were about to come up" when she returned home and told her mother of the happenings before being taken to the police station and hospital. Defendant was arrested at his home near six a.m. and taken to the police station. During the course of the morning and afternoon of July 21, defendant three times signed the statement in which he admitted that he had been advised of his *Miranda* rights before he signed the confession admitting the crimes charged.

Defendant was held at the East Prairie police station for about three hours before he was initially questioned. Later he was taken to the prosecutor's office in Charleston where a statement was dictated for defendant's signature. After the statement had been transcribed in the middle of the afternoon of the 21st, defendant was given the statement which he read and examined for some five to ten minutes before signing it.

Defendant's third point, supra, is written in utter disregard of the mandatory requirements of Rule 30.06(d) for it nowhere undertakes to state "wherein and why" the state failed to prove by a preponderance of the evidence that the statement was given voluntarily.

■ The state, at both the suppression hearing and at trial, had the burden of showing by a preponderance of the evidence that defendant's statements made while in custody were given voluntarily. *State v. Wood,* 596 S.W.2d 394, 402[17] (Mo. banc 1980). Such a burden is met when it was shown, as herein demonstrated, that defendant had repeatedly been informed of his constitutional rights before interrogation, that defendant understood his rights and that no coercion, physical force or other means of inducement were used. *State v. Boyer,* 646 S.W.2d 876, 879–880[3] (Mo.App.1983).

■ However, the thrust of defendant's complaint does not directly refute the foregoing. Though somewhat obscure, the gist of defendant's argument seems to be that his confession was not voluntary because he was intoxicated when the confession was made. The prosecuting witness' testimony was that for "approximately an hour" that the ordeal lasted, defendant twice raped her and twice sodomized her per anus. If such was believed, and it apparently was, it would be difficult for the trier of fact to conclude that defendant's intoxication near sunrise was of such an extent that it inhibited his sexual appetites or served to restrain his physical ability to sate same. In other words, defendant's alleged intoxication near sunrise was apparently not of such a degree as to materially affect his physical and mental processes. Moreover, defendant was arrested about 6 a.m. and held at the police station for three hours or until approximately 9 a.m. before being questioned. These three hours surely served as an aid to sobriety. Next defendant was taken to Charleston where his statement was dictated, transcribed, read and signed by defendant in the middle of the afternoon or some 8 or 9 hours after his arrest. Being in custody for this period and being deprived of intoxicants for such a length of time, plus the history of his activities shortly before arrest, makes it most difficult for anyone to believe that defendant was drunk when he executed the confession. Such evidence surely corroborated the officers' testimony

that defendant was not intoxicated at the time of execution.

As observed, the point is insufficient under Rule 30.06(d). Moreover, as it was not presented in defendant's motion for a new trial, it can only be considered as plain error. *State v. Pennington,* 618 S.W.2d 614, 619[7, 8] (Mo.1981). We conclude no error, plain or otherwise, was committed and deny defendant's final point.

Judgment affirmed.

CROW, P.J., PREWITT, C.J., and FLANIGAN and MAUS, JJ., concur.

