**Padriac COOK, Appellant (Movant),**

v.

**STATE of Missouri, Respondent.**

**No. 52115.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 18, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 17, 1987.

Application to Transfer Denied
Jan. 20, 1988.

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Movant appeals from the denial of his Rule 27.26 motion following an evidentiary hearing. We affirm.

A jury convicted movant of two counts of robbery in the first degree and one count of assault in the first degree. Movant was sentenced to fifteen years imprisonment for each robbery count and thirty years imprisonment for the assault count, said sentences to run concurrently. This court affirmed the judgment of the trial court on direct appeal. *State v. Cook*, 637 S.W.2d 110 (Mo.App.1982).

Movant seeks to vacate his convictions and his sentences alleging his trial counsel deprived movant of his right to testify and that he had ineffective assistance of counsel. At the evidentiary hearing testimony was heard from movant and from movant's trial counsel, who was an Assistant Public Defender.

The first issue movant raises on appeal is that movant's trial counsel prohibited movant from testifying at trial. As a result movant was unable to demonstrate to the jury that physical evidence, a hat and a glove or a pair of gloves (the record on appeal is unclear), did not fit the movant. Witnesses testified that the perpetrator was wearing the hat at the time the crime was committed. The hat and glove(s) were recovered at the scene of the assault. Also, movant desired to provide impeachment testimony tending to show bias by a police officer, who was the victim of the assault and who allegedly had a vendetta against movant. Movant argues the prohibition by movant's trial counsel resulted in a denial of movant's Sixth and Fourteenth

Amendment rights, specifically, the right to testify on one's behalf.

At the evidentiary hearing movant testified he was adamant in his pretrial meetings with his trial counsel that he wanted to testify. The trial counsel testified that although she had no recollection of the specifics of the case, it is her general practice to relate to her clients the various pros and cons regarding testifying. The ultimate decision whether or not to testify, however, is left up to the client. At the evidentiary hearing movant admitted that his trial counsel had reviewed the merits of his testifying. Movant recalled that his trial counsel advised against his testifying because of a prior conviction against movant. The Hearing Court found that, "[g]iven the Defendant's prior convictions, it is not unlikely to infer that movant herein made the judicious decision not to take the stand and subject himself to cross-examination with regard to his prior convictions." The record on this appeal is unclear whether movant had more than one prior conviction.

■ Appellate review of an order overruling a motion filed under Rule 27.26 is limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.-26(j); *Callahan v. State*, 712 S.W.2d 25, 26 (Mo.App.1986). Due regard must be given to the trial court's opportunity to hear witnesses with an accompanying deference to assessment of credibility, unless a clear and convincing abuse of discretion appears. *Ladd v. State*, 621 S.W.2d 543, 544 (Mo. App.1981). In the post-conviction proceeding, it is movant's burden to establish the grounds for relief by a preponderance of the evidence. Rule 27.26(f); *Caraker v. State*, 712 S.W.2d 23, 24 (Mo.App.1986).

■ The Hearing Court was in the best position to judge the credibility of movant and his trial counsel. On the basis of their testimony, the Hearing Court ruled against movant. It is well settled that a Hearing Court is not required to believe movant's testimony, even if no contrary evidence is offered. *White v. State*, 694 S.W.2d 825, 827 (Mo.App.1985). We find the Hearing Court was not "clearly erroneous" in its finding that movant decided not to testify at his trial. Movant's first point is denied.

The second issue movant raises on appeal is that the trial counsel failed to investigate sufficiently the alleged bias of the arresting police officer. Had evidence of the alleged bias been uncovered and presented at the trial, movant argues that a reasonable probability exists that the result of the trial would have been different. As such, movant claims his trial counsel deprived movant of his Sixth Amendment right to effective counsel.

At the evidentiary hearing the trial counsel testified as to her investigation procedures. She testified that according to her records, she gave her investigation request to her investigator. Movant claimed that the the police officer had arrested him numerous times previous to the arrest in the case at hand and that the previous arrests were without cause. Trial counsel requested the investigator to look into the allegations of the police officer's animus towards movant. Although trial counsel had no independent recollection of the results of the investigation, she testified that if movant's complaints had been proven, then she would have received a report from the investigator to use at trial. She did not receive a report from the investigator. Trial counsel testified that if the investigator found no evidence of the police officer's animus towards movant, then no report would have been made.

The Hearing Court held that trial counsel was not ineffective in any way. Furthermore, the Hearing Court found the trial counsel had represented movant "well within prevailing professional norms."

■ At the evidentiary hearing movant provided no evidence, other than his own testimony, as to the alleged vendetta. Once again, the Hearing Court has discretion to decide what testimony is credible. *See Ladd v. State*, 621 S.W.2d at 544. A movant who asserts ineffective assistance of counsel based upon inadequate investigation must show that a fuller investigation would have uncovered evidence which

would have improved his trial position and that he was deprived of substantial evidence by counsel's neglect. *Thomas v. State,* 665 S.W.2d 621, 624 (Mo.App.1983). Movant has failed to show that the trial counsel's investigation was neglectful. Therefore, movant has failed in his burden. Rule 27.26(f); *Caraker v. State,* 712 S.W. 2d at 24. Movant's second point is denied.

Judgment is affirmed.

GARY M. GAERTNER, P.J., and ALBERT and STEPHAN, JJ., concur.