**Donald L. JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 54808.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 6, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 11, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Michael C. Todt, Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Chief Judge.

Movant pled guilty to first degree burglary, § 569.160, RSMo 1986, resisting arrest, § 575.150 RSMo 1986, and second degree burglary, § 569.170 RSMo 1986. The court sentenced movant to concurrent terms of twelve, three, and three years imprisonment respectively. Movant filed a pro se Rule 27.26 motion on August 3, 1987. After the appointment of counsel, movant filed an amended motion which alleged that his guilty pleas were the result of beatings he received from the St. Louis Police and threats concerning his family. The Honorable Robert G. Dowd, Jr., conducted an evidentiary hearing and concluded that movant's guilty plea was voluntarily and knowingly made. From this movant appeals.

Movant alleges that his guilty plea was involuntarily coerced from beatings and subsequent threats made by the

St. Louis Police. The test in determining the validity of a guilty plea is whether it was made voluntarily and knowingly and with understanding of the nature of the charge. *Lewis v. State,* 539 S.W.2d 578, 579 (Mo.App.1976). If the movant has been misled or induced to plead guilty by fraud, mistake, misapprehension, coercion, duress or fear, he should be permitted to withdraw the plea. *Latham v. State,* 439 S.W.2d 737, 739 (Mo.1969). Appellate review of a denial of a Rule 27.26 motion is limited to a determination of whether findings, conclusions, and orders of the trial court are clearly erroneous. *Cook v. State,* 741 S.W.2d 678, 680 (Mo.App.1987). The judgment of the trial court is clearly erroneous if the appellate court is left with a definite and firm impression that a mistake has been made. *Anderson v. State,* 747 S.W.2d 281, 283 (Mo.App.1988).

 Movant specifically alleges that a St. Louis Police officer threatened harm to movant and his family unless movant pled guilty and remained silent about beatings received at the time of his arrest. To discover the movant's state of mind when he made his plea, it is necessary to consider the totality of the circumstances in which it was made. *Lewis v. State, supra,* at 579. Movant asserted that he discussed the beatings by the St. Louis Police with his attorney, Ms. Moss. In response, Ms. Moss stated that she was inexperienced in such matters and advised him that he may have a civil action in the future. Movant, a lay person with only an eighth grade education, argues that this could be interpreted to mean that nothing could be done during the guilty plea hearing regarding the police threats. However, the fact that movant has a limited education is not the test. *Williams v. State,* 560 S.W.2d 887, 888 (Mo.App.1978). Moreover, Ms. Moss testified at the evidentiary hearing that movant never revealed that he felt threatened to plead guilty. During the guilty plea hearings, movant was questioned whether anyone had threatened him or his family or friends in any way to get him to plead guilty and movant replied "no."

The only evidence supporting movant's position was his own self serving testimony at the evidentiary hearing. The credibility of witnesses is a matter for the motion court, and the motion court is not required to believe movant's testimony even if there is no evidence to the contrary. *Thomas v. State,* 759 S.W.2d 622, 623 (Mo. App.1988); *Leigh v. State,* 673 S.W.2d 788, 790 (Mo.App.1984). Under these circumstances, the motion court was not clearly erroneous in finding that movant's guilty plea was entered into voluntarily and knowingly.

Judgment affirmed.

CRANDALL and CARL R. GAERTNER, JJ., concur.