Roosevelt **POLLARD**, Jr., Appellant,

v.

**STATE** of Missouri, Respondent.

No. 72887.

Supreme Court of Missouri,
En Banc.

April 9, 1991.

Rehearing Denied May 3, 1991.

---

Nancy A. McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

WASSERSTROM, Senior Judge.

This Court affirmed Appellant Roosevelt Pollard's conviction of capital murder and sentence of death in *State v. Pollard,* 735 S.W.2d 345 (Mo. banc 1988), *cert. denied,* 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 682 (1988). Pollard now appeals the lower court's denial of his *Rule 29.15* motion. Affirmed.

On January 29, 1988, Pollard properly filed a *pro se* motion for post-conviction relief in the Circuit Court of Cole County. Public Defender Donald L. Catlett was appointed to represent Pollard on February 2, 1988. Catlett requested, and was granted, an additional 30 days to file an amended motion. No amended motion was forthcoming, however. On March 3, 1988, the Director of the State Public Defender System assigned Pollard's case to Cyril Hendricks and requested Hendricks to immediately enter his appearance with the circuit court. Hendricks filed an "Entry of Appearance and Motion to Appoint Counsel" on April 22, 1988; he filed an amended motion for post-conviction relief on May 11, 1988.

The amended motion was not filed within the time limit of *Rule 29.15(f)* and therefore was not entitled to consideration. That was of no moment, however, because the amended motion for present purposes was virtually identical to the *pro se* motion, which did remain for consideration. *Sloan v. State,* 779 S.W.2d 580, 581–82 (Mo. banc 1989).

The State's motions to dismiss both *Rule 29.15* motions for failure to state sufficient facts, rather than conclusions, were overruled. The motion court held an evidentiary hearing, after which it made findings of fact and conclusions of law denying relief. Pollard then appealed to the Missouri Court of Appeals, Western District, which transferred the case to this Court, pursuant to this Court's order effective July 1, 1988.

I.

For his first point on appeal, Pollard contends that trial counsel was ineffective for failing to investigate and present mitigating evidence during the penalty phase of the trial. In support, he complains in the argument portion of his brief that the psychiatrist who testified at the trial should have been called at the penalty phase for further testimony and that additional follow-up tests should have been made; that family members or others should have been called to explain problems in Pollard's family background; that additional details should have been put in evidence concerning the Illinois murder upon which the prosecution had relied as an aggravating circumstance; that an instruction should have been requested on Pollard's age as a mitigating circumstance; that the jury should have been informed that Pollard had two children; and that trial counsel made a weak and inaccurate closing argument. As a matter of grace, we overlook Pollard's failure to include these latter complaints as part of his Points Relied On. *See Tyler v. State,* 787 S.W.2d

778, 779 (Mo.App.1990) and cases there cited.

■ The first objection to this entire point is that it was not properly initiated in the trial court. A motion under *Rule 29.15* must allege facts—not simply conclusions—showing a basis for relief in order to entitle the movant to any evidentiary hearing. *State v. Taylor,* 779 S.W.2d 636, 644 (Mo.App.1989), quoting *Boggs v. State,* 742 S.W.2d 591, 594 (Mo.App.1987). *See also State v. Moore,* 435 S.W.2d 8, 16 (Mo. banc 1968). Pollard's motion did not allege facts. His motion, insofar as pertinent, stated only:

> I received ineffective assistance of counsel, in violation of the Sixth and Fourteenth Amendments of the United States Constitution and *Article I, Section 18(a)* of the Missouri Constitution, in that counsel failed to adequately investigate evidence to present at the penalty stage of trial in mitigation of the death penalty and in that counsel failed to present any evidence at the penalty stage....
>
> \* \* \* \* \* \*
>
> Attorneys James Elliott and Peter Sterling failed to adequately investigate possible evidence to put on at the penalty stage at my trial and did not put on any evidence. Witnesses will include myself, James Elliott, Maries County Courthouse, Vienna, Mo., and Peter Sterling, 401 N. Rolla, Suite 1, Rolla, Missouri.

As the State properly argues, those recitals wholly fail to say what mitigating facts would have been disclosed by further investigation or show in what way such facts would probably have produced a different result.

Pollard seeks to excuse the insufficiency of the motion by saying that the objection has become moot because the trial court granted a hearing. Assuming without deciding the overall validity of that excuse, it can have no possible effect except to the extent that evidence offered by Pollard at the *Rule 29.15* hearing supplied the missing specificity in the motion. Of the various particular complaints argued by Pol-

lard on this appeal, only two were even touched upon by his evidence at the hearing. The evidence which he did offer related almost entirely to other points which he has abandoned on this appeal.

■ One of the only two complaints here pressed which were even mentioned in the trial court related to counsel not calling members of Pollard's family to testify. No effort was made to detail the matters to which they would have testified. Trial counsel explained that the relatives were not called because of Pollard's instructions to the contrary. Pollard concedes in his brief and reply brief that counsel generally cannot be accused of ineffectiveness because they yield to such instructions from the client. His argument on this score narrows to the claims that counsel knew or should have known that Pollard was mentally incompetent and "doped up" at the time of trial and that "other witnesses and evidence" should have been introduced as to family background. These claims fail because no evidence or argument was offered at the motion hearing in substantiation.

■ The only other complaint argued on this appeal which was mentioned at the motion hearing related to the matter of Pollard's age. His age was mentioned in passing during the questioning of Elliott who had been trial counsel. At best, the matter is of little significance. During the course of closing argument, trial counsel did tell the jury that Pollard was 20 years old at the time of the killing and that the jury was entitled to consider that relative age. There is no reasonable probability that the result would have been different if this factor had been presented to the jury by instruction rather than via argument.

■ Pollard argues that he cannot be faulted for failing to introduce evidence at the hearing in support of his complaints urged on this appeal, for the reason that the evidence on which he now relies (including psychological and psychiatric reports and trial testimony) was part of the trial transcript of which the hearing court took judicial notice. A similar argument was rejected in *Williams v. State,* 736 S.W.2d

509, 510 (Mo.App.1987), where the appellate court held that it would not create the heavy burden on the trial court of sifting through the entire record to locate the relevant evidence. That burden would be especially intolerable, and indeed unthinkable, where as here the movant did not give the trial court any notice of his particular complaints by a properly specific motion.

Notwithstanding the foregoing, as a matter of grace, we have reviewed all complaints made by Pollard under his first point and find them without merit.

Pollard has failed to demonstrate that the trial court's findings and conclusions are clearly erroneous. His first point is therefore denied.

## II.

■ For his second point on appeal, Pollard claims he is entitled to relief because of ineffective assistance of *Rule 29.15* motion counsel. It has by now become well settled that such a claim is not cognizable under *Rule 29.15*. *State v. Sweet*, 796 S.W.2d 607 (Mo. banc 1990); *Sloan v. State*, 779 S.W.2d 580 (Mo. banc 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990); *Lingar v. State*, 766 S.W.2d 640 (Mo. banc 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989). We decline Pollard's invitation to reconsider that rule.

Pollard's second point is denied.

The judgment is affirmed.

BLACKMAR, C.J., and ROBERTSON, RENDLEN, HIGGINS, COVINGTON and HOLSTEIN, JJ., concur.

BILLINGS, J., not sitting.

## OPINION ON MOTION FOR REHEARING

PER CURIAM.

In his motion for rehearing, Pollard calls attention to the opinions of this Court in *Sanders v. State*, 807 S.W.2d 493, and *Luleff v. State*, 807 S.W.2d 495, both handed down concurrently with the opinion herein.

Neither of those opinions conflicts with opinion in this case.

In *Luleff*, as the opinion states: "The record reflects absence of any activity whatsoever by appointed counsel on movant's behalf at any time during the proceedings.... There is no amended motion." By the way of contrast, appointed counsel in this case did file an amended motion. Moreover, appointed counsel proceeded to a hearing at which he produced witnesses and cross-examined the State's witness. It cannot be said that here, as was true in *Luleff*, appointed counsel abandoned Pollard.

■ In *Sanders*, relief was granted on the postconviction motion because appointed counsel had failed to file his amended motion within the time prescribed by Rule 29.15(f). In the present case, appointed counsel also failed to file an amended motion within the specified time limit, but that failure resulted in no prejudice. So far as concerns points argued on this appeal (by counsel different from the one who appeared before the motion court), the belated amended motion did not differ from the pro se motion. Therefore even if the amended motion had been filed on time, that would not have affected the result.

■ What Pollard's new counsel on appeal really argues in Point II is that counsel before the motion court did not do everything which might have been done, and the brief on appeal asks a remand for the purpose of another and expanded hearing. To acquiesce in that request would go far beyond the narrow compass of *Sanders* and *Luleff*, and as stated in *Sanders* "would defeat the clear provision of subsection (k)."