Christian D. LIERLY, Movant–
Appellant,

v.

STATE of Missouri, Respondent.

No. 17352.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 5, 1991.

John A. Klosterman, Columbia, for mov-
ant-appellant.

William L. Webster, Atty. Gen., Millie
Aulbur, Asst. Atty. Gen., Jefferson City,
for respondent.

MAUS, Judge.

Movant, Christian D. Lierly, was charged
with the Class D felony of sexual assault in
the second degree. § 566.050. Movant ap-
peared on June 21, 1990, with counsel and
withdrew his not guilty plea and, pursuant
to a plea bargain agreement, entered a
guilty plea. Also pursuant to that agree-
ment, the prosecuting attorney recom-
mended punishment of imprisonment for
four years. Movant, after an impassioned
speech, testified he understood the state
would recommend four years but asked the
judge to sentence him to three years. The
judge sentenced him to imprisonment for
four years in accordance with the plea bar-
gain agreement.

Movant filed a pro se postconviction mo-
tion under Rule 24.035 alleging, in general
terms, a breach of the plea agreement.
Two days later he filed an amended pro se
postconviction motion which alleged inef-
fective assistance of counsel in that counsel
failed to assert the plea agreement was for
a sentence of imprisonment for three years.
A public defender was appointed to repre-
sent the movant in his postconviction pro-
ceedings. The public defender filed an un-
timely amended motion which, in different
terms, alleged, as grounds for relief, the
grounds in the amended pro se motion.

The state moved for an order finding an
evidentiary hearing unnecessary and for
denial of the motion upon the basis of the
record. The court sustained that motion
and rejected the postconviction motion.
Movant appeals.

In his only point on appeal, Movant alleg-
es "[t]he motion court clearly erred by de-
nying appellant's Rule 24.035 motion for
postconviction relief without granting an
evidentiary hearing because appellant's ap-
pointed motion counsel provided no repre-
sentation ... in that appellant's motion
counsel failed to file a timely amended mo-
tion that alleges facts, not conclusions."

Movant does not by his point, or even by
his argument, state any facts which should
have been alleged in addition to those al-
leged in the amended postconviction mo-
tion.

Movant's principal argument, though not
stated in his point, is that the public de-
fender was ineffective because he failed to
file a timely amended motion. He cites
*Sanders v. State*, 807 S.W.2d 493 (Mo. banc
1991) and *Luleff v. State*, 807 S.W.2d 495
(Mo. banc 1991). He contends that by rea-

son of those authorities his case should be remanded for a determination of whether or not postconviction counsel was ineffective. Movant overlooks *Pollard v. State*, 807 S.W.2d 498 (Mo. banc 1991). In that case, as in this case, an amended motion, which parroted a pro se motion, was untimely filed. In rejecting a request for remand for a determination of ineffectiveness of counsel, the Supreme Court held:

"In the present case, appointed counsel also failed to file an amended motion within the specified time limit, but that failure resulted in no prejudice. So far as concerns points argued on this appeal (by counsel different from the one who appeared before the motion court), the belated amended motion did not differ from the pro se motion. Therefore even if the amended motion had been filed on time, that would not have affected the result.

What Pollard's new counsel on appeal really argues in Point II is that counsel before the motion court did not do everything which might have been done, and the brief on appeal asks a remand for the purpose of another and expanded hearing. To acquiesce in that request would go far beyond the narrow compass of *Sanders* and *Luleff*, and as stated in *Sanders* 'would defeat the clear provision of subsection (k).'" *Id.* at 502.

In this case "even if the amended motion had been filed on time, that would not have affected the result." The motion court did not err in failing to grant an evidentiary hearing on allegations clearly refuted by the record. *Pollard* makes it clear the motion court did not err in not remanding the case. Judgment of the motion court is affirmed.

FLANIGAN, C.J., and SHRUM, J., concurs.