**William LAUGHLIN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 17434.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 28, 1992.

J. Gregory Mermelstein, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

An information charged that movant, William Laughlin, on the 20th day of August, 1989, committed the class D felony of driving while intoxicated, third offense, in Taney County. §§ 577.010 and 577.023.3. The information also alleged that on April 20, 1987, movant had been convicted of driving while intoxicated in Stone County, Missouri, and that on April 18, 1985, movant had been convicted of driving while intoxicated in Christian County, Missouri. On January 4, 1990, movant entered a plea of guilty to the said charge of driving while intoxicated, third offense. He was sentenced to imprisonment for four years.

On May 10, 1990, movant filed a pro se motion under Rule 24.035 seeking to set aside his plea of guilty and sentence. Thereafter, appointed counsel timely filed an unverified first amended motion under Rule 24.035. Verification of the first amended motion was untimely filed ten days later.

The first amended motion, which incorporated the pro se motion, was set for hearing. Movant appeared by appointed counsel. The state appeared by the prosecuting attorney. Movant's application for a hearing was sustained. His request for a Writ of Habeas Corpus Ad Testificandum, filed eight days before, was denied. A hearing was held on the record. After taking the case under advisement, the court made detailed findings of fact and conclusions of law and denied movant relief. Movant appeals.

Movant's sole point on appeal is:

"The motion court clearly erred in denying appellant's Rule 24.035 motion because appellant's postconviction attorneys abandoned appellant in violation of their duties under Rule 24.035(e), (f), (g) and (h) in that counsel:

(1) Filed an untimely and unverified amended motion, thus preserving nothing for the motion court to review; and, even if the amended motion was timely and verified,

(2) Failed to call any witnesses at appellant's postconviction hearing in order to prove the claims asserted in the *pro se* and amended motions; and,

(3) Failed to request that the evidence remain open so that appellant could testify in support of his claims through a deposition...."

Under subparagraph (1), movant alleges the case should be remanded because postconviction counsel filed the verification of the amended motion out of time. He argues this is an abandonment by postconviction counsel and cites *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991) and *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991). This late filing did give the motion court jurisdiction to proceed on the amended motion. Cf. *Wilson v. State*, 813 S.W.2d 833 (Mo. banc 1991). Movant's position is much the same as if the verified amended motion had been untimely filed. Even if that is the case, a reversal and remand is justified only when a movant has suffered prejudice. *Pollard v. State*, 807 S.W.2d 498 (Mo. banc 1991). Also see *Holt v. State*, 811 S.W.2d 827 (Mo.App.1991).

The motion court heard movant's allegations on his first amended motion and, as incorporated therein, his pro se motion. On appeal, movant does not complain of the failure of the motion court to enter findings of fact and conclusions of law as required by Rule 24.035(i). His only complaint alleged in subparagraph (1) is the late filing of the verification of the amended motion. Movant demonstrates no prejudice because of that late filing. His subparagraph (1) is denied. *Pollard v. State,* supra; *Christian D. Lierly v. State of Missouri,* 820 S.W.2d 79 (S.D.Mo.App. 1991).

It is obvious that movant, by seizing upon the word "abandoned", under the guise of *Sanders* and *Luleff,* seeks to have this court consider if his postconviction counsel rendered ineffective assistance in the respects alleged in subparagraphs (2) and (3). This court declines to do so.

There must be a limitation upon a convicted defendant's repetitious assertion that he has had ineffective assistance of counsel. That limitation has been firmly established.

"Our courts have traditionally held that postconviction proceedings may not under any circumstances be used to challenge the effectiveness of postconviction counsel. See *State v. Sweet,* 796 S.W.2d 607 (Mo. banc 1990); *Sloan [v. State],* 779 S.W.2d 580 (Mo. banc); *Young v. State,* 770 S.W.2d 243 (Mo. banc 1989); *Lingar v. State,* 766 S.W.2d 640 (Mo. banc), cert. denied, [493] U.S. [900], 110 S.Ct. 258, 107 L.Ed.2d 207 (1989)." *Sanders,* 807 S.W.2d at 494.

A narrow exception was recognized in *Luleff,* supra, when postconviction counsel abandoned a movant by failing to file an amended motion asserting all grounds known to movant for relief. Movant's subparagraphs (2) and (3) assert ineffective assistance of postconviction counsel in failing to call witnesses and failing to request that the hearing remain open. Movant cannot obtain review of postconviction counsel's ineffectiveness as alleged in subparagraphs (2) and (3) by labeling postconviction counsel's alleged dereliction "abandonment". To review those points, "would go far beyond the narrow compass of *Sanders* and *Luleff,* and as stated in *Sanders* 'would defeat the clear provision of subsection (k).'" *Pollard,* 807 S.W.2d at 502.

Moreover, a gratuitous examination of movant's motion reveals that his principal claim to relief is that the underlying information alleged one of his prior convictions was in Christian County, when in fact it had been in Taney County. At the plea hearing, movant admitted the allegations of the information. "The defendant may waive proof of the facts alleged." § 577.-023.8 RSMo 1986. He also admitted a prior conviction for driving while intoxicated in Taney County in 1988. Under these circumstances, the asserted inaccuracy in the information is no basis for relief. *State v. Hughes,* 713 S.W.2d 11 (Mo.App.1986); *Sours v. State,* 692 S.W.2d 2 (Mo.App. 1985); *Kelly v. State,* 623 S.W.2d 65 (Mo. App.1981); *State v. Parker,* 621 S.W.2d 120 (Mo.App.1981); *Shepherd v. State,* 612 S.W.2d 384 (Mo.App.1981). The balance of the allegations of his motion afford no basis for relief as they are merely conclusions or are refuted by the record. Movant's subparagraphs (2) and (3) are denied and the judgment is affirmed.

FLANIGAN, C.J., and MONTGOMERY, J., concur.